GUADALUPE GUERRA MARTE, Plaintiff and Appellee, v. CASTOR CARRIÓN, Defendant and Appellant.

No. 6780. Argued December 3, 1934.—Decided December 14, 1934.

L. Apellániz Storer for appellant. Bolívar Pagán & L. Sánchez Vahamonde for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The dismissal of the appeal is requested on the ground of frivolity.

The record shows that a complaint was filed by Guadalupe Guerra Marte against Castor Carrión in the Municipal Court of Río Grande to recover a debt and that judgment was rendered on September 12, 1933 against the defendant; that the latter appealed to the District Court of San Juan and the record was certified two days later; that on the 29th day of said monh of September defendant filed in the district court an amended answer and on June 19, 1934, he requested that another attorney be made attorney of record, and that with such state of facts, on the same day of June 19, 1934 plaintiff and appellee filed a motion requesting the court to dismiss the appeal taken because the suit had not been included in the calendar because the appellant had not moved for a hearing of the same within the legal period, which motion was granted by an order dated June 28th, 1934, from which the present appeal was taken. In its order the district court states that it takes judicial knowledge that on May 10, 1934, the call of the calendar was set for the 18th of the same month on which last date suits were set for trial.

On May 11, 1934, Act No. 31 (Sess. laws, p. 294) was aproved to take effect immediately, amending the law referring to appeals from judgments of municipal courts approved in the year 1908. Section 3 of the Act of 1908 (Comp. 5334), reads in the pertinent part as follows:

"Section 3.—(a) The secretary of the district court shall place the cause on the docket of civil act'ons, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case. . . . . (b) If the appellant fails to request the inclusion of the case in the calendar, the district judge

shall dism'ss the appeal, imposing the costs on the appellant; and the secretary shall immediately return the cause to the inferior court for the execution of the judgment appealed from.''

There is no doubt as to the mandatory nature of the law. It is not even argued by appellant. What the latter maintains to object to the dismissal and to request the reversal of the judgment appealed from is that the appeal having been taken and the transcript filed in the district court since September 1933, and the new law not taking effect until May 11, 1934, it does not apply to his case which must be prosecuted in accordance with the previous law.

We do not agree. Referring as it does to a remedial statute, it was to apply immediately not only to the suits brought after its effective date but also to those already begun, especially when the tendency of the amendment was to accelerate the procedure thus avoiding delays of justice and when the legislator himself said in Section 3 of the same: ''This law, being of an urgent and necessary nature, will take effect immediately after its approval.''

The procedure was not new. It had been in effect from 1919 until 1932 when by reason of a judgment of this Court (*National Surety Co.* v. *Suárez*, 43 P.R.R. 709) it was suppressed. Said act No. 31 of 1934 reinstated it.

There is ample jurisprudence on the matter. We will limit ourselves to cite that part of it which we consider more applicable to this case, and which includes opinions of this Court, taking it from the summary of it made in Corpus Juris. It reads:

''A difference is recognized between statutes affecting substantial rights and those affect'ng only procedure, the courts being more liberal in the interpretation relative to retrospective operation in the latter than in the former case. The general rule that statutes will be construed to be prospective only and not retrospect've or retroactive ordinarily does not apply to statutes affecting remedy or procedure,

or as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure. While it has been said that statutes relating to remedies or procedure may be given a retroactive operation, a more accurate statement of the principle intended is that, unless expressly prohibited by statute, and in the absence of directions to the contrary, or unless in doing so some contract obligation is violated or some vested right divested, statutes merely affecting the remedy or law of procedure apply to actions thereafter, whether the right of action accrued before or after the change in the law. The legislature has full control over the mode, times, and manner of prosecuting suits, and whenever, upon consideration of an entire statute relating to these matters if appears to have been the legislative intent to make it retroactive, it will be given this effect. However, a retroactive operation will not necessarily be given such statute, and unless an intent that the statute have a retroactive effect is expressed therein or is capable of being inferred from the circumstances, the statute will not be given such effect. Where, under the guise of making a change in the remedy, a new right or obligation is created, or where the intention of the legislature to give the statutes only a prospective operation is clearly expressed in the act, it will not be construed to affect remedies and procedure as to causes of action arising before its passage.

''The presumption against retrospective construction of statutes as a general rule does not apply to statutes that relate merely to remedies and modes of procedure.

''No statute should be so construed as to give it a retroactive effect so as to affect pending litigation, unless a clear intent to the contrary is plainly manifest, either by express declarat'on or necessary implication; but, unless the contrary intent is expressed, a statute providing, or merely affecting, the remedy may apply to, and operate upon, causes of action that had accrued and were existing at the time of the enactment of the statute, as well as causes of action thereafter to accrue, and also, unless the contrary intent is expressed, such enactments as do not affect the nature of the remedy, but relate solely to incidents of procedure, are applicable to all proceedings taken in pending actions from the time they take effect. A statute which expedites litigation or prevents a delay of justice should be made to apply to pending proceedings.'' 59 C. J. 1173–1176, par. 700 and 701.

The appeal must be dismissed.